IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

VIRGINIA INTERNATIONAL TERMINALS,

Plaintiff,

v.    Civil Case No. 4:13-cv-118

VIRGINIA ELECTRIC AND POWER COMPANY, et al.,

Defendants.

## OPINION & ORDER

This matter is before the Court on Defendant Virginia Power and Electric Company, d/b/a Dominion Virginia Power's ("Dominion" or "Defendant") Motion to Dismiss for lack of subject matter jurisdiction ("Motion"), Doc. 17, pursuant to Federal Rule of Civil Procedure 12(b)(1). On March 24, 2014, the Court held a hearing on the instant Motion. Doc. 27. After careful consideration of the parties' briefs and hearing oral argument, the Court **FOUND** that it lacked subjected matter jurisdiction, **GRANTED** Defendant's Motion, and now sets forth its reasoning below.

I. BACKGROUND AND PROCEDURAL HISTORY

**A. Factual Allegations**[1]

In the Amended Complaint, Virginia International Terminals, Inc. ("VIT" or "Plaintiff") alleges the following facts: Plaintiff is a nonprofit and non-stock Virginia Corporation, and is an independent contractor that operates marine terminals in Hampton Roads for the benefit of the Virginia Port Authority, a political subdivision of the Commonwealth of Virginia. Doc. 16, ¶ 1. Defendant Dominion is a Virginia Corporation that provides electricity to Virginia customers. Defendant Lockwood Brothers, Inc. ("Lockwood" or collectively "Defendants") is also a Virginia Corporation, and is a common freight carrier.

The instant cause of action arose from events that took place on March 10, 2012, when Dominion's gas turbine rotor (the "Rotor") was damaged during the unloading process at the Newport News Marine Terminal ("Terminal"). Doc. 16, ¶¶ 24–25. Dominion contracted and entered into an agency relationship with Lockwood to transport, unload, and store the Rotor at Dominion's request. Doc. 16, ¶ 23. Unfortunately, during the unloading process at the Terminal, the Rotor was damaged when the VIT dockside crane's spreader bar and hook made contact with it. Doc. 16, ¶ 24.

Defendants believe VIT is liable for the damage to the Rotor, as they claim that the accident was caused by VIT's negligence in operating the crane. Doc. 16, ¶ 26. Plaintiff, however, alleges that prior to the accident, VIT made its Schedule of Rates ("Rates") available via its website to Defendants, and that absent an express, actual contractual agreement between

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding. See Clatterbuck v. City of Charlottesville, 841 F. Supp. 2d 943, 948 n. 3 (W.D. Va. 2012) (citing Warth v. Seldin, 422 U.S. 490, 501 (1975).

2

VIT, Dominion, and Lockwood, the Rates formed the basis of the contractual relationship between the parties. Doc. 16, ¶ 20.

VIT emphasizes the fact that the Rates specifically state that VIT "assumes no liability for loss or damage to equipment, freight, or cargo handled or transshipped through VIT," Doc. 16, ¶¶ 15–17. The Rates further state that "in no case shall VIT be liable for a sum in excess of $500.00 per package or non-packaged objects *unless* the shipper, . . . prior to the commencement of such services or use of such facilities, declares a higher value and pays to VIT, . . . [beyond the service charges] a premium computed at one percent (1%) of the declared value of . . . [the]non-packaged object." (emphasis added) Id. Following the accident, VIT offered Defendants the sum of $500.00 as recompense for the damage to the Rotor, but Defendants maintain VIT is liable for the full amount of the damage.[2] Accordingly, Plaintiff filed this action preemptively seeking a declaratory judgment from the Court that 1) the parties' relationship on March 10, 2012 was subject to VIT's Schedule of Rates; 2) that the limitation of liability provision in VIT's Schedule of Rates is valid and applicable to the March 10, 2012 Rotor accident; and that 3) the indemnity provision in VIT's Schedule of Rates is valid, and that no other non-contractual indemnity exists between the parties. Doc. 16 at 8.

## B. Procedural History

Plaintiff filed the Complaint in this action on June 28, 2013. Doc. 1. By consent of all parties, the time for filing responsive pleadings was extended to September 18, 2013, on which Defendant Dominion filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted, Doc. 11, and Defendant Lockwood filed a motion to dismiss for failure to state a claim, Doc. 13. Plaintiff mooted Defendants' motions by filing an Amended Complaint on October 2, 2013. Doc. 16. Dominion then filed the instant

---

[2] Dominion claims the damage amounts to $1,862,609.00. Doc. 16.

3

Motion, Docs. 17, to which Plaintiff responded in opposition on October 23, 2013, Doc. 21, and Dominion replied on October 29, 2013. Doc. 22. On November 6, 2013, Dominion filed a request for a hearing on its Motion, Doc. 23, and Lockwood filed a mirroring request on the following day, Doc. 24.

In addition to the instance case, these same parties are also presently parties to a matter pending before the Chesterfield County (VA) Circuit Court, docketed as Case No. CL 13 – 2110. In that state court proceeding, filed July 29, 2013, Dominion, as Plaintiff, seeks recovery for damages against both Lockwood and VIT in eight counts based upon theories of breach of contract, negligence, bailment, and express indemnity; Dominion further seeks attorney fees pursuant to an alleged contractual provision. Doc. 20 at 2.

## II.   STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). Accordingly, this Court must determine first whether it has jurisdiction over the claims at issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (quoting Manfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" ). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (citing Fed. R. Civ. P. 12(b)(1)). bA court must "presume . . . that a case lies

outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994))(emphasis in original).

"On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of proving subject matter jurisdiction." Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 764, 768 (4th Cir. 1991)). Having filed the instant action—thereby seeking to invoke the jurisdiction of the Court—Plaintiff bears the burden of proving that this Court has subject matter jurisdiction. Id. When a defendant attacks "the sufficiency of the complaint, the court must accept all of the complaints factual allegations as true, similar to an evaluation pursuant to Rule 12(b)(6). Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 782–83 (E.D. Va. 2003). "Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion . . . ." Jin v. Ministry of State Sec., 475 F. Supp. 2d 54, 60 (D.D.C. 2007). Subject-matter jurisdiction can never be waived. Arbaugh, 546 U.S. 500 (2006); see also Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Plaintiff asserts that this Court has subject matter jurisdiction as a federal question, pursuant to 28 U.S.C. § 1331, and as a case "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . . ," pursuant to 28 U.S.C. § 1337. Doc. 21. Though what is required to prove the existence of a contract is a matter of state law, see Sunrise Continuing Care, LLC v. Wright, 277 Va. 148, 154 (2009) (listing elements of a breach of contract claim under Virginia law), VIT argues that marine terminals operators, like itself, are subject to a tightly-controlled regulatory scheme imposed by

the federal government through the Shipping Act of 1984 and the Ocean Shipping Reform Act of 1998 ("Shipping Acts"). These are statutes subject to 28 U.S.C. §1337; therefore, according to VIT, the terms of the contract between itself and Lockwood, (and Dominion), are controlled by federal law. Doc. 21 at 5.

First and in support of its argument that there is an over-arching federal regulatory scheme that gives this Court jurisdiction, VIT asserts that it is a "Marine Terminal Operator" as defined in 46 USC § 40102(14), and as such, is required to publish a Schedule of Rates, 46 C.F.R. § 525.3(a).[3] VIT also claims that pursuant to federal regulation, its Rates are enforceable "as an implied contract between the marine terminal operator and the party receiving the services rendered by the marine terminal operator, without proof that such party has actual knowledge of the provisions of the applicable terminal schedule." See 46 CFR 525.2(a)(2). Federal Regulations state a schedule of rates applies to any party contracting with a Marine Terminal Operator unless the contracting party can prove an "actual contract with a party covering the services rendered by the marine terminal operator to that party."[4] 46 CFR 525.2(a)(3). Given that these regulations are mandated by federal agencies and are binding on Plaintiff, VIT insists that this Court has jurisdiction to apply them to the case at bar and declare that the limited liability provision in the Rates supplies the operative contract term between itself and Defendants. Doc. 21 at 6.

In Plaintiff's view, this Court has jurisdiction not just because the instant action requires the application of federal regulations, but also because the Court would have to interpret those regulations. Specifically, Plaintiff claims that this Court would have to make a determination of

---

[3] The purpose of this regulation is to ensure that marine terminals will continue to operate in the public interest, but in exchange for meeting this and other requirements, such operators are exempt from united States anti-trust laws. See Federal Maritime Comm'n v. Aktiebolaget Svenska Amerika Linien, 390 U.S. 238, 241-242 (1968).

[4] The parties contest whether the Rates implied contract provision applies in this case, as there was an "actual contract" between Dominion and Lockwood that arguably supersedes the "implied contract" default.

the following: 1) whether VIT is a Marine Terminal Operator, see 46 USC § 40102(14); 2) if the "implied contract" provision in the Rates applies to the case at bar, 46 CFR 525.2(a)(2); and 3) if there is an "actual contract" limitation, 46 CFR 525.2(a)(3), so that the implied contract provision would not operate in this case. Doc. 21 at 7.

In Dominion's view, the foregoing facts demonstrate the Court lacks subject matter jurisdiction. Namely, Dominion argues that VIT is essentially raising an affirmative defense in a declaratory judgment action and claiming it is based on federal law. Doc. 18 at 4. Defendant asserts that Plaintiff's complaint violates the well-pleaded complaint rule, which is applicable regardless of whether jurisdiction is alleged under 28 U.S.C. § 1331 or § 1337, Circuit City Stores, Inc. v. EEOC, 75 F. Supp. 2d 491, 504 (E.D. Va. 1999); see also Beers v. N. Am. Van Lines, Inc., 836 F.2d 910, 913, n.1 (5th Cir. 1988), and requires that a complaint "raise[] an issue of federal law." Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 152 (1908). A plaintiff's claims "arise under" federal law:

> 1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Verizon Md., Inc. v. Global Naps, 377 F.3d 355, 362 (4th Cir. 2004)(internal citations and quotation marks omitted). As Dominion correctly states, actions in which defendants merely claim a substantive federal defense to a state-law claim "do not raise a federal question." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (citing Louisville, 211 U.S. 152)). In its state court complaint, Dominion alleges three state law causes of action against

VIT: negligence, breach of contract, and bailment. Doc. 18 at 6. These claims are clearly not in the providence of this Court.

Defendants rely heavily upon the precedent set by the Eastern District case Shore Bank v. Harvard, 934 F. Supp. 2d 827 (E.D. Va. 2013), in which the plaintiff sought a declaratory judgment that it was not required to make payments to its former employee, Mr. Harvard. Id. at 830. The plaintiff-bank asserted, in part, that any severance payment to Mr. Harvard would violate the terms of United States Department of the Treasury's Troubled Asset Relief Program ("TARP") guidelines. The parties' relationship was governed by a written employment agreement that contained a provision providing for certain payments to Mr. Harvard if there was a change in the control of the company. Id. at 830–31. The bank asserted that federal jurisdiction existed because Mr. Harvard had executed a written amendment to the employment agreement that eliminated any payments that were in violation of the TARP guidelines. Mr. Harvard disagreed as to whether the written amendment actually amended the parties' contract. Id.

In its opinion, this Court explained "[t]he resolution of this dispute—the proper interpretation of the [alleged amendment] and its scope—will determine whether TARP arises as a necessary element of Harvard's breach of contract claim or merely as a defense to such claim." Id. at 840. The case was dismissed because the determination of whether there was a written amendment incorporating TARP was a question of state law, not federal law. Id. The Court went on to state "[w]here a dispute—even one involving a substantial question of federal law—turns on a question of state contract law, dismissal for lack of federal question jurisdiction is appropriate." Id. (citing N. Jefferson Square Assocs., L.P. v. VA. Hous. Dev. Auth., 32 Fed. Appx. 684, 687 (2002)(affirming dismissal for lack of federal question jurisdiction in a breach of contract action by the owner of low income housing apartments against the state housing

authority because the dispute "turn[ed] upon the interpretation of the Mortgage Deed of Trust, the HAP Contract, and related documents, a question of state contract law").

Here, Defendants analogize and argue that in the case at bar, a proper resolution of this matter would not involve any interpretation of federal regulations because it turns on a matter of state law—what the terms of the contact between VIT and Dominion and Lockwood are. Doc. 22 at 5. The Court agrees with Defendants.

Plaintiff's argument for this Court's assertion of jurisdiction fails for two reasons. First, Defendant is correct in its statement that Plaintiff's Amended Complaint fails the well-pleaded complaint rule. In conducting a jurisdictional analysis, a federal court must ask whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) (emphasis added) (citing TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999)). In this way, "the jurisdictional inquiry shifts from the face of the declaratory judgment plaintiff's well-pleaded complaint to the nature of the coercive action that would have been brought absent the availability of declaratory relief." Shore Bank, 934 F. Supp. 2d at 834.

The essence of Plaintiff's Complaint is that this Court should declare that VIT did not breach the terms of the contract because the contract has a limited liability provision in it. Even assuming that VIT is a marine terminal operator and federal regulations require that it have its rates and operating conditions available to the public, that regulation alone does not provide a sufficient nexus between federal law and the facts of this case to provide a federal court with jurisdiction. VIT is attempting to use regulatory requirements as a back door into the federal courthouse, as there is no claim that the Defendants could assert under the Shipping Acts, which

are the federal laws Plaintiff depends upon, to gain federal subject matter jurisdiction. As Defendants note, their state case against VIT involves three state law claims, which are negligence, breach of contract, and bailment. Doc. 18 at 6.

In an attempt to bolster its argument, Plaintiff loosely asserts that this Court has jurisdiction based upon the Shipping Acts; however, it ignores the fact that it is not alleging any violation under the Shipping Acts. While this case might require the Court to acknowledge federal regulations, the questions presented do not raise a substantial question of federal law as the Shipping Acts do not provide the federal courts with original subject matter jurisdiction. Port Auth. of N.Y. & N.J. v. Maher Terminals, LLC., No. 08-2334, 2008 WL 2354945, at *3 (D.N.J. June 3, 2008) ("The provisions of the Shipping Act of 1984 do not give rise to federal question jurisdiction because the Shipping Act does not provide immediate access to federal district courts."). Complaints arising under the Shipping Act must first be filed with the Federal Maritime Commission ("FMC"), and must "alleg[e] [proper] violations of the Shipping Act." See id. While federal courts have admiralty jurisdiction for a breach of a shipping contract, see Archawski v. Hanioti, 350 U.S. 532, 76 (1956), federal courts still look to a well-pleaded complaint to determine if "federal law creates the cause of action." See Republic of the Phil. v. Marcos, 806 F.2d 344, 352 (2d Cir. 1986) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983)). Thus, as Plaintiff has failed to invoke federal question jurisdiction in a well-pleaded complaint, this Court **FINDS** that it lacks subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendant Dominion's Motion to Dismiss for lack of subject matter jurisdiction, and **DISMISSES** the action with prejudice.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 22, 2014

11